Good morning. May it please the Court, my name is Kevin Hartzell. I'm the Attorney for Attorneys Liability Protection Society, Inc., abbreviated ALPS. The core issue in this case is the right of an insurance company under Alaska law to be reimbursed for defense costs that it paid to independent defense counsel subject to a reservation of rights which included expressly the right to recover defense costs in the event there was no duty to defend and where the policy had a specific provision that provided the insurance company the right to recover defense costs if there was no coverage. The District Court incorrectly concluded that this contractual right was precluded under Alaska law by under Statute 21.96.100, Section 100. That's despite a prior ruling by the District of Alaska in 2005 in the Union America case which we discuss in our brief. In Union America, the Court... But the District Court here also ruled on the preemption issue, so let's start there. Was the District Court right in its preemption ruling? Well, that's an interesting question, Your Honor, and it depends on the construction that is applied to Section 100 as to the recovery of the defense costs. Our... ALPS's view is, is that if the District Court's construction of Section 100 stands such that the ability of ALPS to enforce a right given it in its insurance policy to recover defense costs, if that is precluded, by that construction of Section 100, then that... Then Section 100 is preempted under the LRRA because it changes... It affects the operations of the insurance company by excising a term of the insurance policy. And it's not exempted, it's not an interpretation of law. And on the other hand, if Section 100 is given what ALPS contends is an appropriate ruling and it allows the recovery of defense costs, then it doesn't conflict with the policy, it doesn't remove or eliminate any terms of the policy, it's consistent with the law of Montana, which is ALPS's domicile state, and there would be no preemption because it would have no effect on the operations of ALPS. Let me ask, if Section 100 is preempted under LRRA, now what kind of regulatory power does Alaska have over insurance policies issued by the RRGs? Your Honor, the Ninth Circuit has read preemption of the LRRA. That's a difficult thing to say. It is. The Ninth Circuit has read it broadly. And in this context, the Prime Guard case that we cite was dicta, but essentially LRRA operates to preclude non-domicile regulation of the operations of an RRG as an insurance company. Operations is a term that has been read differently in different contexts and particularly in the Ninth Circuit, at least in Prime Guard, referred to that meaning of operations as insurance coverage. And insurance coverage is the sine qua non of an insurance company. It exists to provide insurance. My contention would be that the LRRA operates to preclude any substantive change in the coverage of an insurance policy issued by an RRG from the coverage that it has from its domicile state, which in this case is Montana. On this narrow issue in this case, the only issue is the reimbursement of defense costs when there is no duty to defend. The policy expressly provides for that right. Under Montana law, ALPS could recover defense costs it paid to its insured. Under Alaska law, under this construction by the district court in this case, it would not be able to recover defense costs and it would not be able to enforce a term of its policy, its coverage. And my view is that's exactly what the LRRA is intended to preempt. The difficult wrinkle here is that in our view, the district court incorrectly read section 100 to preclude ALPS from exercising its right to recover its defense costs when no duty to defend exists. I believe properly construed, Alaska section 100 does allow the recovery of defense costs, which would allow ALPS to assert the rights that it provides in its policy. And in that case, then Alaska would stand under section 100 would stand the same as every other jurisdiction in the country that allows an insurance company to recover its defense costs if it's properly reserved, if the right to do so is properly reserved as it was here or if the policy provides an express right as it does here. Thank you. What do you make of section 3905C? I'm sorry, Your Honor. The LRRA was amended in 1986 and that section was added. And that section provides that the terms of any insurance policy that's provided by an RRG shall not be construed to provide insurance policy coverage that's prohibited generally by state statute. This, the policy provision here is not a provision of coverage. It's a limitation on coverage. The provision of coverage, 3905C does not allow the provision of coverage that is not permissible under state law regardless of which state it is. The classic example of that are punitive damages. Many states, as a matter of law, preclude insurance coverage for punitive damages. Insurance policies, the LRRA, even though a risk retention group may intend to provide coverage for punitive damages, it may not do so because at least for policies issued in that state that bars them. So if Alaska, under Alaska law, you can't provide coverage for punitive damages, there's no preemption issue that law controls, correct? Yes. Yes, Your Honor. And so if Alaskan law, assuming for purposes of argument, prohibits reimbursement costs, then why wouldn't that analysis apply under that same section? Because the specific language of 3905C doesn't prescribe any coverage not allowed or different than a state. It's only the provision of insurance that's not there. But it allows the states to regulate the terms of insurance policies, right? That's the legislative intent is to grant greater power to non-chartering states to regulate the terms of their own insurance policy. So I don't understand the distinction between Alaskan law saying you can't provide coverage for punitive damages and that there's no preemption issue, and Alaska saying you can't provide reimbursement costs. That seems to me to be also an insurance term. Your Honor, that's a fair question. I believe, and I believe the Ninth Circuit has ruled, and I refer to the Prime Guard case. Admittedly, it's dicta. The issue hasn't been actively and I believe the issue is what is a provision of coverage versus a limitation of coverage. Well, no, I understand that, but I'm trying to look for principal distinction between those two. Can't provide punitive damages, can't provide reimbursement defense. Where's the distinction between the two if you're going to separate them? The right to reimbursement is a limitation on coverage. I believe that its absence would arguably be a provision of coverage, but it is not a provision of something to the insured that it would not be entitled to under state law. It is a withholding of something that it may otherwise be entitled to. The distinction is one of what is a provision. If read broadly, in theory, you could read the term provision to mean any term of coverage in an insurance policy, but it doesn't say that. It says providing coverage. My view is that especially when under the Ninth Circuit view that the regulation of operations, operations is the operative term for the application of the LRRA. If that's defined as insurance coverage, coverage provided by insurance policies, which is the reason that they exist, it seems mutually contradictory that Congress would say laws are preempted if they regulate the operations of an RRG, but then simultaneously saying that, well, if it regulates any kind and all kinds of insurance coverage, a state does, then it's mutually contradictory. There must be some grounds for if operations means insurance coverage, which is what the LRRA preempts, then the... I've lost my train of thought. But you're saying operation is... Yeah, it's... ...a provision of terms of coverage. It doesn't make any sense to have a provision, an exemption for or preemption for the operations of an RRG, which for an insurance company is ultimately its insurance coverage, which it 3905C, which says that any provision of coverage is not preempted if it's impermissible in the state law. If that's read, if provision in that context means any insurance, any insurance terms, then LRRA means essentially nothing because... I understand your argument. We've got to reconcile those two statutes in the meaning of the various terms. Do you want to save the rest of your time for rebuttal? I would. Thank you, Your Honor. Good morning, Your Honors. My name is Bill Engelson, and I'm representing my law firm. And I'd like to start off, since the court asked questions on the preemption issue, and if you take ALP's argument to its logical conclusion, it would so narrow that subsection that it would mean only that you can't regulate coverage unless you're saying you can't apply a certain type of coverage. And when you say prohibited coverage, that means terms of coverage that are prohibited. And if you look back to the McCarran-Ferguson Act, and you look even when these risk retention groups were allowed by federal law, the courts also recognized that states are all sovereigns, and one of the most important functions of states that they regulate historically has been insurance. And when they're talking about the type of insurance you have and the type of coverage that you have, that's what that section is talking about, insurance coverage. And so if a state says, if you're going to write insurance in this state, you cannot have coverage in Alaska that does not include payment, if you defend under reservation, payment of attorney's fees. That's part of coverage. It's not the operations. It's not telling you what assets you have to have. It's not telling you what type of underwriting that you'll partake in. It's not setting the type of forms that you use for insurance. The business of insurance is not regulating. It's regulating coverage. And so I think clearly Judge Gleeson is correct that it does not preempt this law in Alaska. But second, and there's one other point that seems to not even have been addressed by ALPS, and that is that to preempt, if there is a preemption, it means there must be some conflict. It means there must be some conflict between the and have not addressed is in the policy, in Section 4.17 of the policy, it specifically says, any and all provisions of this policy that are in conflict with applicable laws of the jurisdiction wherein this policy issues are hereby amended to conform to such laws. So to the extent that ALPS is arguing, well, we have a different type of coverage here. We have in our policy this money, that conflicts with Alaska law. And the conformity clause rewrites that. Otherwise, that conformity clause means nothing. And you have to give some meaning to that. So aside from the preemption argument, which I do not believe is preempted, the conformity clause does away with that. The conformity clause means it's not even an issue, which gets us to the whole argument of what does AS 21-900-100 mean? What does that really mean? And does that allow you to get recovery? And I want to start off with saying, point out one thing to the court, and that is this law was enacted 19 years ago. And to borrow a in an earlier argument, and a point that he made in the first argument to date, not one case in Alaska has appealed that. Because it is clear, it is clear that you do not know, this issue has never been raised in front of the Alaska Supreme Court. And I would suggest that it is because it is clear that you do not get to get that money back. No one has even raised that issue in Alaska with the Alaska Supreme Court, because the statute, I would suggest, is so clear. And the cases that are being relied on, and the discussion by Alves in their brief about, well, if you put it in the contract, then it somehow does away with this. And he did cite to some jurisdictions where they made that distinction. But all of the cases that have addressed this, and I point out with notice, and I apologize because it actually was in our brief, but a good summary of what other states have done, there's two issues that they've really focused on. One of them is the equitable argument. All of the states that have said, no, you have a right to recover the money, bases on an equitable argument. And the equitable argument is, you didn't pay for this coverage, so why should the insurance company have to cover it? And as the Washington case mentioned in national surety, the MNX, even if you don't have a statute like our statute that I'll call the CHI statute, because that's what we refer to it here after this CHI case, if you don't have a CHI statute, and none of those states did, the Washington Supreme Court said, well, the insurance companies are getting a big benefit here. They have not only the right, but the responsibility to tell you up front, we're going to defend without reservation, we're going to deny coverage, or we're going to defend under reservation. And if they do the third, they don't get a we win with no risk. There is a risk if you deny coverage, there's a risk that you're wrong. There's a risk that the insured does their own defense, and maybe they don't do it the way you want it, they don't defend the way you want it, maybe they enter into a settlement, and maybe you're exposed to bad faith for not defending. So you can avoid that by paying for the defense, and you're buying that surety. And so you are getting something. But even more significant than that is that in Alaska, those arguments, the arguments of people saying you're getting something that you didn't pay for simply is not true. And the reason for that is that the Alaska statute requires, requires that if you defend under reservation, that you pay the attorney's fees until either it's determined by a court that there's no coverage, or at any time, you can say, we're withdrawing coverage, which Alps never, ever did do. There's nothing in the plain language of the statute that precludes reimbursement, just because you're responsible initially for the payment of fees, does that then automatically lead to the conclusion that you can't seek reimbursement afterwards when there's been a reservation of rights? I would suggest that the only reasonable reading of the statute does preclude reimbursement, because otherwise, and let me point out, there's differences. If you look at the bus case, the California case that is cited often, and they look at the California law, California statute is significantly different than the Alaska statute, and it's different in this regards. If you look under the Alaska statute, they have the paragraph C of that statute, which, first of all, paragraph A of the Alaska statute and the California statute are very similar. They both provide that an insured has a duty to defend an insured if a and to provide independent counsel. But what's different is paragraph C, and then further on there, it says if the insured reserves the rights, the insured shall provide independent counsel if they reserve rights. And the reason that's significant is in California, just because you reserve rights doesn't necessarily even mean there's a conflict. California says there may be a conflict, so you only provide, number one, and there's maybe differing opinions as to what California, they specifically have language talking about where they're reserving the rights to talk about attorneys fees and so forth. But what's significant that it doesn't have that the Alaska statute has is that in paragraph D, it says that the insured selects independent counsel at the insurer's expense. And that's repeated in paragraph E, at insurer's expense, and most significantly in paragraph F, if you decide to waive conflict counsel, you need to have an agreement from the insured where they not only knowingly waive and allow to use the counsel provided by the insurer, but it has to say that you have to inform them and the waiver has to be that you have the right under state law to have all reasonable expenses of an independent counsel paid by my insurer. Is there any statute in the whole United States similar to the Alaskan statute? I haven't found one. The closest is a California one. It doesn't have this language. And this appears to be the only state then? We're also the only state that has civil rule 82 that allows recovery of attorney's fees. I'm talking about trying to figure out. It's different. I mean, in Washington, a recent decision from 2013, they don't have this statute. And they've also ruled that, no, you have to pay until you stop coverage, you have to pay. And you cannot retroactively get the money back. There's a Pennsylvania case that we cite as well that came to the same conclusion. Some of the cases talk about whether or not it has language in the policy allowing you to get it back. Again, there's a conformity clause that says it has to conform with Alaska. So that policy language that ALPS is relying on has been conformed by their own policy to be consistent with Alaska. But even the states that have said that, Washington didn't deal with that, didn't deal with that issue. But the Washington court talks about the growing trend, my words, the enlightened view that you should not, that the insurance company should not get a free ride. They should not have the ability to control, at least in part, the defense. And in this case, let's take the perfect example is our case. We have a case that could have settled and they knew this for $50,000. They're running the defense. They're not providing the law firm the bills. The bills are going straight to them and they allow defense costs to exceed $200,000. Do you think any reasonable person that's saying you're not insured or we can get the money back would allow $200,000 to be spent for the case that could sell for $50,000? But the insurance company has a different goal. If they're looking out for themselves, they're looking out for, well, maybe there's going to be other lawsuits. So we don't care about this Ingleston, Mawson and Fitzgerald firm. There are other firms that maybe we want to deter them from claims. So we're going to keep defending this case. They could do a lot of things if they think, well, we're just going to get the money back from this law firm. They have the choice. The choice could have been to deny coverage and let their insurance know we're not going to pay. We don't think there's any coverage, but they don't have the choice to defend under a reservation and then come back later under Alaska law and try and get the money back. And again, as Justice Ferris know, there's a reason, not in this case, but there is a reason that this has never been addressed. Never been addressed by the Alaska Supreme Court because in Alaska, it's clear. No one doubts this. And if you look at the legislative intent, if you're trying to, which Judge Gleason noted in her decision, the legislators specifically talked about and dealt with the issue. Well, you mean this means that if it later turns out there isn't coverage, they still have to pay? Yeah, they have to pay. They discussed that issue. So this was clear, but I would suggest that if there, if you have any, to me, this is very clear, but if there's any doubt at all as to whether the preemption applies, then I would ask that you assert this to the Alaska Supreme Court and let them decide it. Because there isn't, this is a significant. It often happens in our circuit. Sorry? It often happens. Right. And this is a significant issue for Alaska. It's a significant issue because it will affect not just risk retention groups, but every single policy in Alaska. And if people can get around, can get around the provisions of our CHI statute of AS-21-900, 100, 100, 900, I'm sorry. If they can get around that statute by putting some language in their policy, every single insurance company will do that and that statute will be meaningless. And so I would ask, and lastly, let me make this point. ALPS was not, unlike some of these other cases that have argued, including the dissent in that Washington case that I mentioned, that have argued, well, you're getting something you didn't bargain for, Engelson. You're getting, your law firm's getting coverage it didn't bargain for and that ALPS didn't intend to pay. That is not true for two reasons. Number one, the conformity clause, it conforms it to this statute. And presumably ALPS is looking at Alaska law when writing insurance up here because they insure probably 90 percent of the lawyers or more in Alaska. But second, because there's this law that says if you defend under reservation, you have to bear the costs until you, until either you, it's a decision that you don't have coverage or you withdraw coverage. They know that. And so they know, and they can factor that into their premiums that they charge because they know what the Alaska law is. They know what the Alaska law provides. So we are paying a premium for that. We're paying a premium for that coverage. And again, if you look at the conformity clause in their policy, it seems to me that the only issue is the issue that Judge Nguyen brought up, which is, is there something about this policy, about the statute that does not allow them to have reimbursement? And I don't think any plain reading of it when they talk about expenses and they have someone that they do not, if they don't get conflict counsel, tri-counsel, they have to sign a waiver acknowledging, and the insurance company has to give this to them and have them specifically acknowledge that they have the right to an attorney at, whose all reasonable expenses are paid by the insurance company. So again, if there is any question at all about that statute, then I would request that you assert that to the Alaska Supreme Court. Thank you all very much. You might, as you close, comment on whether we need to certify or whether we can make the ruling ourselves. You want to be leery when you answer that because if we make the ruling ourselves, it might mean you lose. The, one thing I'd like to point out is both, there are, there is a statute very much like section 100 under Alaska law, and that's 2860 in California. And one thing I wanted to specifically point out is that both statutes have a condition precedent essentially in their subsection. And in section 100, that is, if the provisions, oh, that's California. Section 100 is, if an insurer has a duty to defend, then the rest of the section applies. The question there is whether or not a duty to defend exists. And there's a, the suggestion that ALPS or any insurance company in Alaska has no choice but to either deny coverage or defend is a bit of a skillet and charybdis situation. I got that from a site, I don't remember the case, but it was an insurance case. But it is skillet and charybdis because, and that's what California recognized via 2860 and BUS in that it's unjust and an unjust windfall to an insured to provide a defense under a reservation of rights via independent defense counsel without providing an opportunity to recover those costs because an insurance company, especially under Alaska law, has no practical alternative but to defend. It can deny coverage and refuse to defend, but the consequences of that, if it is wrong, are draconian, meaning that if the duty to defend is wrongfully denied, then the insurance company is stopped to deny coverage for the claim subsequently, regardless of what a policy says. Alaska hasn't interpreted this particular statute. Do you have a response to Judge Ferris' question? Do you have a view as to whether we should certify the question or decide it ourselves? Your Honor, I'm going to suggest you decide it yourselves because I think it is clear. And I think section 100 isn't different from 2860. There's, under California law, there isn't anything significantly different in 100 from 2860. And every jurisdiction in the country that has considered this issue, not only two have statutes, Alaska and California, but it's a common law issue. Every jurisdiction in the country that has considered this issue has concluded that there is a right for an insurance company to be reimbursed for defense costs when there is no duty to defend if there's an express provision in a reservation of rights of the right to recover or there's an express term in the policy as there was here. And construing section 100 in the way proposed by ALPS brings Alaska in line with the rest of the country. All right. Thank you very much. The matter is submitted for a decision. We thank both sides for your arguments today. Our final matter on the calendar is short versus United States, 13-36101. That has been submitted for a decision. So court is adjourned for today's session. Thank you very much.
judges: FARRIS, NELSON, NGUYEN